**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 1 5 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

SHARON M. HERNDON,         :

         Plaintiff         :

                 :

v.                              :         Civil Action No. 3:10CV00066

                 :

FAMILY DOLLAR STORES,     :

         Defendant.      :

## COMPLAINT

Comes now your plaintiff, Sharon M. Herndon who respectfully represents as follows:

1.      Jurisdiction over this matter arises under ERISA Section 502(a), 29 U.S.C. 1002 et. sec. which give Federal Courts exclusive jurisdiction over matters brought under this statute.

2.      Your plaintiff hereby incorporates by reference all related statutes which bear upon the jurisdiction of said Court in this matter. Your plaintiff is a resident of the County of Culpeper, which is located in the Western District of Virginia, Charlottesville Division.

3.      The defendant is a corporation headquartered in Charlotte, North Carolina, but which operates a number of stores in said District thus venue under 502 (e)(2) lies with this Court.

4.      The plaintiff was the manager of the Family Dollar Store in Culpeper, Virginia, which is located within the District and Division.

5.      Starting in approximately 1995 the plaintiff began developing a series of orthopedic problems, which affected a number of different areas including lower back, legs following a fracture, hip problems which led to a replacement, shoulder which has led to chronic pain and increasing arthritis in her joints.

6.      In addition an automobile accident in 2001 resulted in severe head and facial injuries, which has left her with impaired hearing and increasing imbalance and vertigo.

7.      She continued in her job until December 2008 at which time she was approved for Long Term Disability benefits for one year under the company plan with the Hartford (hereinafter called the carrier).

8.      On November 2, 2009 the carrier Hartford, denied any continuation of benefits based on their assessment that her condition did not prevent her from performing any duties of any occupation.

9.      Despite this representation of the carrier, the plaintiff was subsequently approved for disability benefits (SSDI) under the Social Security Act.  Interestingly, it was the carrier who arranged to get the law firm which successfully obtained SSDI benefits in 2010.

10.     The plaintiff appealed the initial finding on April 16, 2010, which was within the 180 day requirement of the plan.

11.     On July 12, 2010 the Appeal Specialist of the carrier issued a denial letter (a copy of which is attached to this complaint and made a part thereof).

12.     The plaintiff has complied with the requirements of 502(a) and this matter is ready for resolution by the court.

13.     The plaintiff contends that the decision of the carrier to deny her continuing long term disability benefits is inconsistent with her medical condition and constitutes a reading of both the benefit plan requirements and Federal law.

14.     Her condition is no different than that by which she obtained LTD benefits in 2008, except they are more severe and disabling and the decision to terminate benefits was arbitrary and unfounded under the law or facts of the case.  Because the carrier participated in the obtaining of SSDI benefits for the plaintiff its claim of different standards must be read in light of their involvement in her obtaining SSDI benefits, which would result in a cost saving to the company but not a substitute for the plan.  Her SSDI benefits are approximately $900 less than the monthly benefits under the plan.

15.      The carrier is seeking recovery of alleged overpayment of benefits and it is requested that the ruling of the court finding the plaintiff is entitled to long term disability benefits be made retroactive to November 2, 2009 to eliminate any "overpayment".

WHEREFORE, your plaintiff requests that this Honorable Court find that she is entitled to long term benefits under the plan retroactive to date of termination; the plaintiff requests that the benefits be allocated between the plan and SSDI to provide her with the same maximum benefits she would have obtained under the plan; Until Medicaid benefits are available to the plaintiff that the defendant and its carrier make COBRA eligibility availability to the plaintiff, which would have been available to her in December 2009 and make it retroactive to that date.

That the defendant be required to pay reasonable attorney's fees and all cost of court incurred by the plaintiff.

**RESPECTFULLY SUBMITTED,**
**SHARON HERNDON**

By counsel

Robert P. Dwoskin
VSB#  3361
Counsel for Petitioner
205 East High Street
Charlottesville, VA  22902
(434) 293-8167
(434) 220-0578 - Facsimile